**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| DEMETRIOUS OWENS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  5:20-CV-00191-RWS-CMC |
| | § | |
| B. SNEAD, ET AL., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## <u>ORDER</u>

Plaintiff Demetrious Owens, proceeding *pro se*, filed the above-styled and numbered civil action complaining of alleged violations of his constitutional rights.  The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636.

On December 23, 2020, Plaintiff was ordered to pay an initial partial filing fee of $150.00, in accordance with 28 U.S.C. §1915(b).  The order specified that "[t]he Plaintiff is responsible for timely payment of the initial partial filing fee.   If payment will be made from the Plaintiff's inmate trust fund account, the Plaintiff shall execute all consents and other documents required by the agency having custody of the Plaintiff to authorize the necessary withdrawal from the Plaintiff's inmate trust account."  Docket No. 9 at 1–2.

When Plaintiff did not comply, the Magistrate Judge issued a Report on August 18, 2021, recommending that the lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court.  Docket No. 16.  Plaintiff received a copy of the Report on August 23, 2021 (Docket No. 18), but has filed no objections, although he has filed three motions for appointment of counsel, a motion for extension of time to file additional unspecified motions, an amended complaint, a notice of change of address and two requests for docket sheets, which he

has received, since that time.  *See* Docket Nos. 20, 22, 23, 24, 25, 26, 27, 28.  In a separate notice, Plaintiff states he believed the Court would take the money off his books, despite the order specifically telling him it was his responsibility to pay the fee.  Docket No. 19. The Court routinely sends out such orders to prisoners, and routinely receives filing fees from prisoners ordered to pay them.  Plaintiff shows no reason why he could not do the same.

Because Plaintiff filed no objections to the Report of the Magistrate Judge, he is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court.  *Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 352 (5th Cir. 2017).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge.  Upon such review, the Court has determined that the Report of the Magistrate Judge is correct.  *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.").

Plaintiff's failure to comply with the court order is not an action that threatens the judicial process, rendering dismissal with prejudice unwarranted.  Moreover, the imposition of fines and costs is not appropriate given the status and nature of this case.  The Court has determined that the interests of justice are best served by a dismissal of this lawsuit without prejudice, with the statute of limitations suspended for a period of sixty days following the date of entry of final judgment in this case.  *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) ("A discretionary extension may be warranted . . . if the applicable statute of limitations would bar the refiled action . . . .").  It is accordingly

**ORDERED** that the Report of the Magistrate Judge (Docket No. 16) is **ADOPTED** as the opinion of the District Court.  It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or to obey an order of the Court.  It is further

**ORDERED** that the statute of limitations is suspended for a period of 60 days following the date of entry of final judgment.

**So ORDERED and SIGNED this 8th day of June, 2022.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE